WILLARD RICHARDSON v. JAMES McFADDEN.

It is a sufficient answer to an action on a note given for the purchase money of a
slave, that the title to the slave was not in the vendor but in another person.

Error from Brazoria. Action by plaintiff in error on a
promissory note. Answer that the note was given for a slave
Oscar, who was at the time, not the property of the plaintiff,
but of one Malcomb B. Hunter, a minor, whose guardian had
since obtained possession of said slave by some means unknown
to the defendant.

The plaintiff excepted to the answer on the ground that the
defendant should offer to return the slave, or show that he was
taken out of his possession by process of law. The exception
was overruled. The evidence fully sustained the answer. The
plaintiff requested the Court to charge the jury that McFad-
den could not defeat a recovery against him without proving
that the title to the said Oscar had been litigated between him
and some other adverse claimant against him, and that it had
been adjudged by some competent tribunal, that McFadden
did not acquire title to said slave by virtue of the bill of sale
in evidence before the jury. Which instruction the Court re-
fused to give, and instructed the jury, that if Richardson had
no title to the slave at the time of the sale nor since, he was
not entitled to recover. Verdict and judgment for defendant.

*H. N. & M. M. Potter*, for plaintiff in error.

*P. McGreal*, for defendant in error.

HEMPHILL, CH. J. This suit was brought on a note given
for the purchase money of a negro boy named Oscar. The
defence was failure of consideration, for want of title in the

plaintiff. The law of the case as it arose upon the facts was fairly stated by the Court to the jury, and although the evidence was perhaps not very satisfactory, yet no ground is perceived on which the verdict could be set aside. The evidence of the principal witness for the defendant was somewhat contradictory, showing that the title was in one of her sons derived from his grandfather, whereas in her answer in a judicial proceeding she had averred title to be in both of her sons derived from their father. But the plaintiff did not attempt to show any title in himself. In fact, from the evidence of the witness Prewitt, the title appears to have been repudiated by him, acknowledging that it was not good, and that McFadden could not hold under his bill of sale. Upon the whole, there appears to be no ground for the reversal of the judgment, and it is ordered that the same be affirmed.

Judgment affirmed.